IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2025-FL

| | | |
|---|---|---|
| JOEL ORTIZ-GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the court on the motion to dismiss, or in the alternative, for summary judgment (DE # 6) pursuant to Rule 56 of respondent Tracy W. Johns ("respondent"). Petitioner failed to respond to respondent's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion in part and in part denies petitioner's petition as moot.

## STATEMENT OF CASE

On February 2, 2011, petitioner, then a federal inmate, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that the federal government and the Commonwealth of Massachusetts failed to timely dispose of a pending Massachusetts state warrant issued against him in 2004 for failure to appear in court on criminal charges. Petitioner contends the government's inaction could result in delayed placement in a half-way house and/or delayed release from federal custody. Petitioner also states that he could be taken into state custody upon his release from federal custody.

On June 9, 2011, respondent filed a motion for summary judgment, arguing that petitioner's petition should be dismissed because he failed to exhaust both his state remedies and his federal Bureau of Prisons administrative remedies. Although petitioner was notified of respondent's motion, he failed to respond. Petitioner was released from federal custody on January 3, 2012. See www.bop.gov.

**DISCUSSION**

A.   Motion to Dismiss

   1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   2.   Analysis

Petitioner was released from incarceration on January 3, 2012. See www.bop.gov. Based upon this information, it is clear that petitioner's challenge to his continued federal incarceration is moot because he received the relief he sought. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); see also Belasco v. Warden, Fed. Corr. Inst. Big Spring, 156 F. App'x. 671 (5th Cir. 2005)

2

(per curiam); Elwood v. Sanders, 152 F. App'x 558 (8th Cir. 2005) (per curiam). Thus, petitioner's petition requesting an expedited release from federal custody or transfer to a half-way house is DENIED as moot.

To the extent petitioner challenges his pending Massachusetts state court warrant, he must pursue this claim after exhaustion of his state court remedies.[1] See 28 U.S.C. § 2254 (b)(1)(A); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 491-492 (1973); Fullwood v. Lee, 290 F.3d 663, 677 (4th Cir. 2002); Crosby v. Warden, Roxbury Correctional Institution, 110 F. App'x 343, *1 (4th Cir. Oct. 8, 2004) (citing Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002)) (finding state prisoner bringing § 2241 petition must exhaust state and administrative remedies). Because petitioner failed to exhaust his Massachusetts State court remedies prior to filing this action, respondent's motion for summary judgment on such ground is GRANTED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 6) is GRANTED, and any state claim is dismissed without prejudice for failure to exhaust his state court remedies. Petitioner's claims challenging his federal incarceration is DENIED as moot. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 27th day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Petitioner's allegations reflect that he failed to exhaust his state court, or administrative, remedies prior to bringing this action. Pet. p. 3 and Ex. 1.

3